UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| ROBERT BLIER, ) | |
| ) | |
| Plaintiff ) | |
| ) | **Case No.:** |
| v. ) | |
| ) | **COMPLAINT AND DEMAND FOR** |
| LTD FINANCIAL SERVICES, L.P., ) | **JURY TRIAL** |
| ) | |
| Defendant ) | **(Unlawful Debt Collection Practices)** |

## COMPLAINT

ROBERT BLIER ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LTD FINANCIAL SERVICES, L.P. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of New Hampshire and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Bedford, New Hampshire 03110.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 7322 Southwest Freeway, Suite 1600, Houston, Texas 77074.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all pertinent times hereto, Defendant was hired to collect a

consumer debt and attempted to collect that debt from Plaintiff.

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. The debt Defendant was seeking to collect, a CitiBank credit card, arose out of transactions that were primarily for personal, family, or household purposes.

13. Beginning in May 2012 and continuing through June 2012, Defendant placed repetitive and continuous collection calls to Plaintiff in its attempts to collect the debt.

14. During the relevant period, Defendant called Plaintiff, on average, twice per day, and, on occasion, as often as four (4) times in a single day.

15. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent to harass Plaintiff into paying the debt, as there was no other reason to have the same contacts over and over and over again.

16. In an effort to annoy Plaintiff, Defendant increased the intensity of collection activities by calling at knowingly inconvenient times, for example, on multiple occasions, between 7:30 a.m. and 8:00 a.m.

17. Defendant also used the contents of its collection calls as means to

deceive and harass Plaintiff, for example, in claiming that Defendant was "trying to help" Plaintiff by calling him before 8:00 a.m., and threatening that it "would investigate [him]" to determine if he was being untruthful about his financial resources.

18. Upon information and belief, Defendant was at no time retained to "help" Plaintiff, but was collecting the alleged debt from Plaintiff.

19. Further, upon information and belief, Defendant threatened to "investigate" him in order to scare and deceive him into believing that he had had done something wrong or had something to fear, which certainly is inconsistent with "helping" Plaintiff.

20. Finally, within five (5) days of the parties' initial communications, Defendant failed to send written notification regarding Plaintiff's rights under the FDCPA.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

21. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §1692c(a)(1).

    a. A debt collector violates §1692c(a)(1) of the FDCPA by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be

inconvenient to the consumer, including communication between a debt collector and consumer prior to 8:00 a.m. or after 9:00 p.m.

b. Here, Defendant violated §1692c(a)(1) of the FDCPA by placing numerous collection calls to Plaintiff prior to 8:00 a.m.

## COUNT II

22. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692d and 1692d(5).

a. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

c. Here, Defendant violated §§1692d and 1692d(5) of the FDCPA by calling Plaintiff on average twice per day, and on occasion as often as four times in a single day.

5

PLAINTIFF'S COMPLAINT

## COUNT III

23. Defendants' conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§1692e and 1692e(7).

    a. A debt collector violates §1692e of the FDCPA by using false, deceptive or misleading representations or means in connection with the collection of any debt.

    b. A debt collector violates §1692e(7) of the FDCPA by falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer.

    c. Here, Defendants violated §§1692e and 1692e(7) of the FDCPA by telling Plaintiff that it was going to investigate him as a result of his non-payment of the debt.

## COUNT IV

24. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §1692g(a).

    a. A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a

statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of his rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, ROBERT BLIER, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ROBERT BLIER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

PLAINTIFF, ROBERT BLIER

Date: 03/05/2013             By: */s/ Angela K. Troccoli*
                                                Angela K. Troccoli, Esquire
                                                Bar Id#18539
                                                Kimmel & Silverman, P.C.
                                                *The New England Office*
                                                136 Main Street, Suite 301
                                                Danielson, CT 06239
                                                (860) 866-4380
                                                atroccoli@creditlaw.com